# UNITED STATES DISTRICT COURT
## for the
## District of Columbia

Tesae Harrington |
703 Dahlia St NW |
Washington, DC |
20012 |
(202) 702-8852 |
Vs. __PLAINTIFF__ |

Case: 1:18-cv-01056   Jury Demand
Assigned To : Unassigned
Assign. Date : 5/8/2018
Description: Employ. Discrim   (H Deck)

Secretary of state |
mike Pompeo |
600 19th Street NW |
Washington DC 20522 |
__DEFENDANT__

__Complaint__

Request Jury Trial

On June 26, 2014, The Plaintiff Tesae Harrington was terminated from the seven year work assignment without warning or notice. The Plaintiff Recieved a call at home to turn her Badge In Per and her work assignment Has been terminated. The Plaintiff Requested a Detail Explanation for the cause of termination by the Government. In July 2014 the Company gave a Detail Explanation of why the Government Employee's terminated the Plaintiff's Employ. The Plaintiff filed an EEO because the Government

Gave the Plaintiff Company a false termination reason. There was Descriptions of Incidents that never took Place. The Defendants Blantantly Gave a false Termination Explanation.

The Plaintiff Had reported Countless Incidents of Harassment by one of the Defendents and An Employment Previously The Government allowed the Plaintiff to be Harassed and made absolutely No corrective actions. On June 26, 2014 The Plaintiff was terminated and the Goverment actually used the Plaintiff Previous reports against her in Retaliation The Plaintiff has Proven over and over again through Email, Work assignment Documents that the Government used Pretext to terminate her. The Goverment Gave false statement in the Signed Affidavits to Cover up the Discrimination The Plaintiff Is sueing For Race, Sex, Disability and Retaliation Discrimination.

Sex Discrimination - The Goverment termination Reason was false, and clearly Pretext for Discrimination ① The Goverment false reason for termination ~~was the~~ against the Plaintiff was Identical to a Previous Incident with that the Plaintiff Had reported to the Goverment. However ~~the~~ the Plaintiff was treated Differently than the male Employee. The Plaintiff was terminated without Due Process and the male Employee Continued to work and recieved No Corrective action ②

Disability -
The Plaintiff Has visible Speech Delay. The Defendant went outside the Scope of his Job Authority/Title and Continued to Assign the Employee to work assignment that was outside of her Assigned Job title. The Defendant allowed Employee to Harass and make offensive Comments that she was Assigned to Train by the Defendent. The ~~Defendant~~ Plaintiff has Developmental Delay and a Delay in Intake

Race - The Defendant stop the Employee From recieving a Promotion In June of 2014 and May of 2014.

Race Discrimination-
The Defendant stopped the
Plaintiff From recieving a Job
Promotion in June 2013 and May 2014.
The Defendant was Grouped to
gather with the African American
Employee in the Compliance
Department. The Plaintiff Reported
one of the Defendants Behavior
to the other Defendant and
The female defendant told the
Plain that she report to two
Master. The Defendant was calling
her Subdinate (other Defendant) Racist.
The Plaintiff was terminated by
The two defendant for making a
Complaint againt (mr. cook) Defendant.
Please see Exhibits.

Retaliation- The Plaintiff Expressed
Retaliations Claims to the mediator
that the State Department assigning
to the Plaintiff. The Plaintiff Completed
The EEO For with Repraisal/Retaliation

# UNITED STATES DISTRICT Court
## of the
## District of Columbia

Tesac Harrington
703 Dohlia St NW
Wash, DC 20012
Plaintiff

Case: 1:18-cv-0105

Vs.

Secretary of state
Mike Pompeo
600 19th Street NW
Wash, DC 20522
. Defendant

### Request For Relief

The Plaintiff is asking for compensatory and Punitive Damage As well as for my losses due to the Defendant gross negligence behavior and front pay for lost of Income.

5

The State Department Mediater counselor
Removed Retaliation Claiming
that the plaintiff didnt Qualify.

Plaintiff
Tesae Harrington

05-08-18



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Tesae C. Harrington, a/k/a
Tammi W,[1]
Complainant,

v.

Rex W. Tillerson,
Secretary,
Department of State,
Agency.

Request No. 0520180047

Appeal No. 0120151919

Agency No. DOS-0299-14

DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in EEOC Appeal No. 0120151919 (May 6, 2015). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

At the time of events giving rise to this complaint, Complainant worked as a contract employee Registration Analyst at the Agency's Office of Defense Trade Controls in Washington, DC. In her request for reconsideration, Complainant argues that our previous decision erred in its development of the record and interpretation of the facts. Complainant reiterates the arguments made in her initial appeal and directs the Commission to review documentation submitted in her initial appeal. We emphasize that a request for reconsideration is not a second appeal to the Commission. See EEO MD-110, Ch. 9, § VII.A. Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120151919 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

<u>COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION</u> (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

<u>RIGHT TO REQUEST COUNSEL</u> (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

**FEB 0 8 2018**
Date

0520180047

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Tesae C. Harrington
703 Dahlia St NW
Washington, DC 20012

John M. Robinson, Director
Office of Civil Rights
Department of State
2201 C St., NW Rm. 7428
Washington, DC 20520-7310

**FEB 0 8 2018**
Date

Compliance and Control Division